IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HARLEN HAYDEN, | ) ) ) | |
| Petitioner, | ) ) | CIV. NO. 12-978-D |
| JODY R. UPTON, | ) ) ) | |
| Respondent. | ) ) | |

### REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, has filed this action seeking habeas corpus relief under 28 U.S.C. §2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Currently before the Court is Petitioner's Motion for Judgment of Default [Doc. No. 6]. For the following reasons it is recommended that the motion be **DENIED.** Furthermore, upon review in accordance with Rule 4, Rules Governing Section 2254 Cases, the undersigned finds that it is clear from the face of the Petition that Petitioner has failed to exhaust his administrative remedies. Therefore, it is recommended that the petition be **DISMISSED** on filing.[1]

### BACKGROUND

Petitioner is a federal inmate currently incarcerated at the Federal Correctional Institution (FCI) in El Reno, Oklahoma. Petitioner states that he is serving a two-year

---

[1] In the Court's discretion, the Rules Governing Section 2254 Cases may be applied to other habeas actions, such as those brought under 28 U.S.C. § 2241. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

sentence pursuant to the revocation of his supervised release in Case No. 08-cr-67-Y[2], United States District Court for the Northern District of Texas. Petition, 2. The docket sheet in that case shows the following:

> The defendant, Harlin Leo Hayden, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 24 months pursuant to U.S.S.G. § 7B1.4(a), p.s. This sentence shall run consecutively to any sentence that may be imposed in Case No. 1246290 in the 372nd Judicial District Court, Tarrant County, Texas, in which charges are pending for aggravated robbery. No term of supervised release shall follow incarceration on this revocation.

Case No. 08-cr-67-Y, United States District Court for the Northern District of Texas (Sept. 7, 2011) [Doc. No. 37].

Petitioner is not challenging his conviction or revocation, but the manner in which his sentence is being calculated by the United States Bureau of Prisons (BOP). Petition 2, 4. Petitioner alleges that he was held in the Tarrant County, Texas jail until the charges in the aggravated robbery case referred to in the judgment of revocation quoted above were dismissed, and that he was then released to the BOP pursuant to a detainer lodged on August 24, 2011. *Id.,* at 6. Petitioner alleges that because the state charges were discharged, his twenty four month sentence should have begun to run on the date of the revocation judgment. *Id.,* at 8.

---

[2] Petitioner refers to Case No. 4:08-CR-0674, but a search of the Court's ECF system reveals no such number in the Northern District of Texas. The correct case number is 08-cr-67-Y.

2

## ANALYSIS

First, the undersigned will address Petitioner's motion for default judgment. Although the Petitioner is correct that no response has been filed as directed, and that the time to do so has passed, the undersigned's review of the docket sheet in this case reveals that the United States Attorney was not mailed a copy of the order calling for a response. Thus, the government's failure to respond appears to be due to an administrative error. Furthermore, under Fed.R.Civ.P. 55(e), a default judgment shall not be entered against the government "unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." The Tenth Circuit Court of Appeals has accordingly held that a default judgment may be appropriate in a habeas case only where the delay itself rises to the level of a due process violation. *Stines v. Martin*, 849 F.2d 1323, 1324 (10th Cir. 1988). Given the lack of culpability on the part of the government in failing to respond, and the general reluctance to grant a default judgment in a habeas action, Plaintiff's motion for default judgment should be denied.

Second, there is no indication from the Petition that Petitioner has taken the steps necessary to exhaust his administrative remedies. Although § 2241 contains no express language requiring exhaustion of administrative remedies, Tenth Circuit precedent requires federal prisoners to exhaust the administrative remedies offered by the BOP as a prerequisite for § 2241 habeas relief. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). In order to exhaust, an inmate must "attempt informal resolution of a complaint and, if that fails, [] submit a formal request for an administrative remedy

to the institution. *Id.*, at 1204 (citing 28 C.F.R. §§ 542.13-14). "If the inmate does not obtain a satisfactory resolution from the institution itself, he then may file a regional appeal followed by a national appeal." *Id.* (citing 28 C.R.F. § 542.15(a)). The exhaustion requirement may be excused where the inmate demonstrates that exhaustion would have been futile. *Id.* at 1203.

In this action, Petitioner states that he has not sought any administrative or other remedy. Petition, 2. Petitioner states that he has not filed any other petition, application, or motion about the issues raised in the Petition. Petition, 5. He does state that he presented Ground One in all appeals that were available to him, but in another part of the Petition he identifies this as his "first appeal." Petition, 6, 7. In his request for relief, Petitioner states that he wishes an adjustment of his sentence to run from September 7, 2011, and that "BOP told me the court is the only one who can make this adjustment." Petition, 8. However, Petitioner provides no specifics about decisions, if any, of the BOP director or General Counsel. *See Daybell v. Davis*, 366 Fed. Appx. 960, 963 (10th Cir. Feb. 24, 2010) ("Where such a possibility of higher-level review exists, the exhaustion requirement may not be evaded."). Furthermore, even under a liberal reading of the petition, Petitioner fails to allege that exhaustion would be futile. Finally, a petitioner may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). As the Tenth Circuit concluded in *Garza*, Petitioner "must go through the administrative remedy process as a prerequisite to filing a habeas petition." *Garza*, 596 F.3d at 1205.

4

The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. Moreover, the undersigned's *sua sponte* consideration of whether the BOP's administrative remedies have been exhausted will not prejudice Petitioner since he has an opportunity to be heard on the issue by filing a timely objection to this Report and Recommendation. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (finding "no due process problem" where magistrate judge raised issue of procedural bar sua sponte and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof) (citing *Hardiman v. Reynolds*, 971 F.2d 500 (10th Cir. 1992)). Accordingly, it is recommended that this action be dismissed for Petitioner's failure to exhaust administrative remedies.

## RECOMMENDATION

For these reasons, it is recommended that Petitioner's Motion for Judgment of Default be **DENIED**; and that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED** without prejudice for failure to exhaust his administrative remedies through the BOP. Petitioner is advised of his right to object to this Report and Recommendation by **January 25, 2013**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.

*Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all matters referred to the undersigned with regard to this action. The Clerk of Court is directed to serve a copy of this order by certified mail directed to the United States Attorney for the Western District of Oklahoma.

**DATED** on January 8, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE