**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HARLEN HAYDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-12-978-D |
| | ) | |
| | ) | |
| JODY R. UPTON, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, a federal prisoner appearing *pro se*, brought  this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.   Petitioner challenges the manner in which his sentence is being calculated by the Bureau of Prisons.  In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings.  On January 8, 2013, the Magistrate Judge filed a Report and Recommendation [Doc. No. 7] in which he recommended that the petition for habeas relief be dismissed upon filing because Petitioner failed to exhaust his administrative remedies before bringing this action.  Because Petitioner has timely objected, the matter is reviewed *de novo.*

Petitioner's request for habeas relief is based on his contention that the Bureau of Prisons has incorrectly calculated the sentence imposed when Petitioner's supervised release was revoked by the United States District Court for the Northern District of Texas.   As the Magistrate Judge noted, the Petition expressly states that Petitioner has not sought any administrative or other remedy prior to filing this lawsuit. Petition at p. 2.  The Magistrate Judge correctly explained that, although § 2241 does not contain an express exhaustion requirement, the Tenth Circuit Court of Appeals

requires federal prisoners to exhaust the administrative remedies offered by the Bureau of Prisons before seeking § 2241 relief. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The complete exhaustion required of an inmate is set out in *Garza* and requires that the inmate pursue all levels of administrative review and appeal as a prerequisite to filing a § 2241 habeas claim. *Id.* at 1204. While exhaustion of administrative remedies may be excused where the petitioner demonstrates that exhaustion would be futile, the petition in this case contains nothing to suggest the futility of exhaustion in this case.

In his objection to the Report and Recommendation, Petitioner argues that he contacted the Bureau of Prisons about the alleged error in his sentence, and he was told that it would not be corrected. He contends that this reflects that an effort to exhaust administrative remedies would be futile.

Petitioner's contention is incorrect. As the Magistrate Judge explained in the Report and Recommendation, administrative review procedures are available to a federal inmate, and there are several levels of review available. To exhaust his available administrative remedies, Petitioner must submit a written request and, if the response is not favorable, he must then pursue the available appeal procedure for his request. *See, e.g., Garza,* 596 F.3d at 1204. Petitioner admittedly has not done so in this case.

The Court agrees with the Magistrate Judge that the petition for habeas relief must be dismissed upon filing for failure to exhaust administrative remedies. The Report and Recommendation [Doc. No. 7] is adopted as though fully set forth herein.[1] The petition is dismissed

---

[1] The Report and Recommendation also recommends denying Petitioner's motion for a default judgment [Doc. No. 6] and explains the basis for that recommendation. In his objection, Petitioner expressly states that he does not object to the denial of that motion. Accordingly, that issue need not be discussed herein.

upon filing for failure to exhaust administrative remedies.  The dismissal is without prejudice to the filing of a new action after Petitioner has fully exhausted his administrative remedies.  Petitioner's motion for a default judgment [Doc. No. 6] is denied.

The Court further concludes that a Certificate of Appealability should not issue because this decision is based on procedural grounds, and reasonable jurists could not disagree that a habeas petitioner must exhaust available administrative remedies prior to seeking federal habeas relief.  *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

IT IS SO ORDERED this 1st day of March, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE